997 So.2d 1181 (2008)
Randy WASHINGTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1608.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Randy Washington, in proper person.
Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
The defendant, Randy Washington, appeals the denial of his motion to vacate his judgment and sentence based on newly discovered evidence filed under Florida Rule of Criminal Procedure 3.850. We affirm.
In 1993, this Court affirmed the defendant's convictions and sentences for first degree murder and attempted first degree murder. Washington v. State, 619 So.2d 318 (Fla. 3d DCA 1993). In April 2003, the defendant filed the instant rule 3.850 motion asserting that a State witness, Victor Dozier, had recanted his trial testimony, attaching Dozier's unsworn "declaration" that his trial testimony identifying the defendant as the person who shot the victims was not true.
At a hearing conducted on November 28, 2005, the defendant informed the trial court that he was not able to locate Dozier who is homeless. The defendant's counsel also submitted detailed timesheets prepared by Ms. Rogers, who had unsuccessfully *1182 attempted to locate Dozier. On March 29, 2006, the trial court entered an order denying the defendant's rule 3.850 motion, and this appeal ensued.[1]
Because it was undisputed that the defendant could not locate Dozier, and therefore, could not present his testimony at an evidentiary hearing, we find that the trial court properly denied the defendant's motion. Accordingly, we affirm the trial court's order denying the defendant's rule 3.850 motion seeking to vacate his judgment and sentence based on newly discovered evidence.
Affirmed.
NOTES
[1] At the hearing, the trial court agreed that the defendant may "petition the Court if [Ms. Rogers] ever locates [Dozier]."